#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| VIDLER WATER RESOURCES, INC., | : **SECURITIES EXCHANGE ACT OF 1934** |
| MAXIM C. W. WEBB, DOROTHY A. | : |
| TIMIAN-PALMER, GREGORY E. | : |
| BYLINSKY, ERIC H. SPERON, and | : |
| NICOLE L. WEYMOUTH, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1. On April 13, 2022, Vidler Water Resources, Inc. ("Vidler" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with D.R. Horton, Inc. ("Parent") and Potable Merger Sub, Inc. ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Vidler's outstanding common stock for $15.75 in cash per share. The Tender Offer is set to expire on May 25, 2022.

3. On April 27, 2022, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Recommendation Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Vidler common stock. Plaintiff resides in this District.

9. Defendant Vidler is a Delaware corporation. Vidler's common stock is traded on the NASDAQ under the ticker symbol "VWTR."

10. Defendant Maxim C. W. Webb is Chief Financial Officer and Chairperson of the Board of Directors of Vidler (the "Board").

11. Defendant Dorothy A. Timian-Pallmer is President, Chief Executive Officer, and a member of the Board.

12. Defendant Gregory E. Bylinsky is a member of the Board.

13. Defendant Eric H. Speron is a member of the Board.

14. Defendant Nicole L. Weymouth is a member of the Board.

15. Defendants identified in ¶¶ 10-14 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

16. Vidler's business is to source, develop, and provide sustainable potable water resources to fast-growing communities that lack, or are running short of, available water resources.

17. On April 13, 2022, Vidler entered into the Merger Agreement.

18. The press release announcing the Proposed Merger provides as follows:

D.R. Horton, Inc. (NYSE: DHI) ("D.R. Horton"), America's Builder, and Vidler Water Resources, Inc. (Nasdaq: VWTR) ("Vidler") announced today that the two companies have entered into a definitive merger agreement pursuant to which D.R. Horton will acquire Vidler for $15.75 per share in an all-cash transaction which represents a 19% premium to the 90-day volume-weighted average share price and a 39% premium to Vidler's book value of equity.

Vidler owns a portfolio of premium water rights and other water-related assets in the southwestern United States in markets where D.R. Horton operates that require water for development, but face a lack of adequate supply. Vidler's highly experienced management team has a proven track record of accessing, developing and realizing value for premium water assets while expertly navigating local regulations and working with governmental entities. Post-closing, Vidler will operate as a separate operating division within D.R. Horton.

Under the terms of the merger agreement, D.R. Horton, through its directly owned acquisition subsidiary, will commence a tender offer to acquire all outstanding shares of Vidler for $15.75 per share. Upon the successful completion of the tender offer, D.R. Horton's acquisition subsidiary will be merged into Vidler, and any remaining shares of Vidler will be canceled and converted into the right to receive the same consideration payable pursuant to the tender offer. Following completion of the merger, the common stock of Vidler will no longer be listed for trading on the Nasdaq. The total equity value of the transaction is approximately $291 million, and the transaction is expected to close during the second calendar quarter of 2022 subject to customary closing conditions.

Gibson, Dunn & Crutcher LLP is serving as legal counsel to D.R. Horton. BofA Securities, Inc. is acting as financial advisor to Vidler and Dorsey & Whitney LLP is serving as legal counsel.

19. On April 27, 2022, defendants filed the Recommendation Statement, which fails to

disclose material information regarding the Proposed Merger.

### Financial Projections

20. The Recommendation Statement fails to disclose material information regarding Vidler's financial projections, specifically: (i) net income; and (ii) the line items underlying the financial projections.

21. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

### Financial Analyses

22. The Recommendation Statement fails to disclose material information regarding the financial analyses conducted by Duff & Phelps.

23. Regarding Duff & Phelps' Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates utilized by Duff & Phelps; (ii) the future management bonuses, overhead expenses, taxes, cash, and equivalents utilized by Duff & Phelps; and (iii) the fully diluted shares utilized by Duff & Phelps.

24. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

### Background of the Proposed Merger

25. The Recommendation Statement fails to disclose whether Vidler signed any NDAs containing don't ask, don't waive provisions.

26. The Recommendation Statement also fails to disclose the timing and details of all

discussions regarding post-Proposed Merger employment.

## COUNT I

### Claim Against Defendants for Violation of Section 14(e) of the Exchange Act

27. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

28. Section 14(e) of the Exchange Act states:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

29. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

30. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

31. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

32. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

33. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

34. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

35. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

36. Accordingly, defendants violated Section 14(e) of the Exchange Act.

37. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

38. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

39. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

40. Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

41. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

42. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

43. Defendants knowingly or with deliberate recklessness omitted the material

6

information set forth above, causing statements therein to be materially incomplete and misleading.

44. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

45. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

46. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Volt within the meaning of Section 20(a) of the Exchange Act as alleged herein.

48. Due to their positions as directors of Volt and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

51. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

52. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

53. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

54. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

55. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.   Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.   Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E.   Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.   Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 12, 2022

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*